UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT DEAN STRANDY, <br><br> Petitioner, <br><br> v. <br><br> STEVEN SINCLAIR, <br><br> Respondent. | CASE NO. C12-5636 BHS-JRC <br><br> ORDER TO SHOW CAUSE |

The District Court has referred this 28 U.S.C. § 2254 habeas corpus petition to United States Magistrate Judge, J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b) (1) (A) and (B), and local Magistrate Judge Rules MJR3 and MJR4.

A court may sua sponte raise the issue of timeliness in a habeas corpus action. *Day v. McDonough*, 547 U.S. 198, 210 (2006). Petitioner is challenging convictions from 1985. The Washington State Court of Appeals affirmed the conviction August 12, 1987 (ECF No. 1). The Washington State Supreme Court denied review January 5, 1988 (ECF No. 1).

In 1996, eight years after petitioner's conviction became final, the United States Congress amended 28 U.S.C. § 2244(d), as part of the Antiterrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2244(d) provides as follows:

1  (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The
2  limitation period shall run from the latest of-
      (A) the date on which the judgment became final by conclusion of direct review
3  or the expiration of the time for seeking such review;
      (B) the date on which the impediment to filing an application created by State
4  action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
5      (C) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
6  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending
7  shall not be counted toward any period of limitation under this subsection.

8  Pursuant to 28 U.S.C.A. § 2244(d)(1)(A), the limitation period begins on the date on

9  which the state court judgment became final by the conclusion of direct review or the expiration

10 of the time for seeking such review, but in this case, that would have been before the passage of

11 the bill into law. The amendments became law on April 24, 1996. Thus, petitioner had until April

12 25, 1997, to file his federal habeas corpus petition.

13 Petitioner took no action until 2006, when he filed a Personal Restraint Petition in state

14 court. Petitioner could not file a federal habeas corpus petition by that time unless he can show

15 the statute of limitation should be equitably tolled.

16 The Court orders petitioner to show cause why this petition should not be dismissed as

17 time barred. A response is due on or before August 31, 2012.

18 Dated this 25th day of July, 2012.

19

20 J. Richard Creatura
   United States Magistrate Judge

21

22

23

24

ORDER TO SHOW CAUSE - 2