UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT DEAN STRANDY,<br><br>　　　　　　　　Petitioner,<br><br>　　v.<br><br>STEVEN SINCLAIR,<br><br>　　　　　　　　Respondent. | CASE NO. C12-5636 BHS-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR:<br><br>DECEMBER 28, 2012 |

　　　　The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge, J. Richard Creatura. The authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Petitioner seeks relief from a state conviction. Petitioner files the petition pursuant to 28 U.S.C. § 2254.

　　　　The petition is time barred on all but one ground for relief, and that ground is without merit. The 2011 Washington State Supreme Court ruling that dismissed two merged murder convictions is irrelevant to any of the remaining convictions or the sentence imposed. The

1   federal statute of limitations on the remaining convictions and petitioner's sentence had already
2   run. Petitioner was time barred from filing a federal habeas corpus petition on April 24, 1997 --
3   one year after the 1996 changes to 28 U.S.C. § 2244(d)(1) took effect. *Calderon v. U.S. Dist.*
4   *Court (Beeler)*, 128 F.3d 1283, 1287 (9th Cir. 1997) *cert denied* 522 U.S. 1099(1998); *overruled*
5   *in part on other grounds*, *Calderon v. U.S. Dist. Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998). The
6   Washington State Supreme Court's decision to vacate two convictions for felony murder that had
7   merged with petitioner's convictions for aggravated murder does not start a new one-year time
8   period for filing with regards to the other convictions or sentence. The exceptions to the federal
9   statute of limitations are set forth in the statute itself and they do not apply to petitioner. The
10  issue of dismissal of the merged murder convictions fails on the merits and can be denied
11  pursuant to 28 U.S.C. § 2254(b)(2).

## BASIS FOR CUSTODY

13       In 1985, the Clark County Superior Court sentenced petitioner to life without the
14  possibility of parole on two counts of aggravated murder in the first degree (ECF No. 18, Exhibit
15  1). Petitioner was convicted of other crimes at the same time, but those sentences have expired
16  and are not part of this petition.

## FACTS

18       The Washington State Court of Appeals summarized the case as follows:

19       Strandy was charged in Clark County Superior Court with robbery and murders of
         Dennis Devitt and Howard Peterson. (footnote omitted)
20       At trial the principal witness against Strandy was Mark Mercer, who aided
         Strandy in the crime. FN2.

22       FN2    Mercer pleaded guilty to a charge of second degree murder.

23       Devitt and Peterson, according to Mercer, were lured to a secluded area by
         Strandy. The two victims came to the spot, apparently in anticipation of selling
         drugs to Strandy and Mercer. However, when they arrived they were bound and

gagged by their supposed customers. Strandy then took the victims' buy money and proceeded to shoot them in execution style.

*State of Washington v. Strandy*, 49 Wn. App. 537 (1987) (ECF No. 18, Exhibit 2).

Petitioner was charged and convicted of ten separate crimes:

| | |
|---|---|
| Count I. | Conspiracy to commit burglary in the second degree. |
| Count II. | Burglary in the second degree. |
| Count III. | Conspiracy to commit theft in the second degree. |
| Count IV. | Theft in the second degree. |
| Count V. | Conspiracy to commit robbery in the first degree. |
| Count VI. | Robbery in the first degree. |
| Count VII. | Felony Murder in the first degree. |
| Count VIII. | Felony Murder in the first degree. |
| Count IX. | Aggravated Murder in the first degree. |
| Count X. | Aggravated Murder in the first degree. |

At sentencing, the trial court merged the conspiracy counts with the actual crimes. Thus, count I merged with count II; count III, with count IV; count V, VI, and VII all merged into count IX; and count VIII merged with count X (ECF No. 18, Exhibit 1). Counts IX and X carried sentences of life without the possibility of parole. All convictions ran concurrently (ECF No. 18. Exhibit 1). When the trial court sentenced petitioner in October of 1985, the court neglected to dismiss the felony murder convictions, which it had merged with the aggravated murder convictions. Each count of aggravated murder carried a sentence of life without the possibility of parole (ECF No. 18, Exhibit 1).

|   |   |
|---|---|
| 1 | PROCEDURAL HISTORY |

2   On direct appeal, the Washington State Court of Appeals affirmed the convictions and
3   sentences (ECF No. 18, Exhibit 2). Petitioner filed a motion for discretionary review, which was
4   denied by the Washington State Supreme Court on January 5, 1988 (ECF No. 18, Exhibit 3).

5   Eighteen years later, in March of 2006, petitioner filed a motion in superior court to
6   modify or correct his judgment and sentence (ECF No. 18, Exhibit 4).The superior court
7   transferred the petition to the Washington State Court of Appeals to be handled as a personal
8   restraint petition (ECF No. 18, Exhibit 8). Petitioner objected to the transfer and appealed or filed
9   attempts to have the case remanded to superior court (ECF No 18, Exhibits 12 through 31).
10  Petitioner also filed motions asking for release from incarceration (ECF No 18, Exhibits 12
11  through 31).

12  The Washington State Court of Appeals denied petitioner's personal restraint petition as
13  time barred (ECF No. 18, Exhibit 32). Petitioner filed a motion for discretionary review and on
14  June 16, 2011, the Washington State Supreme Court granted review in part (ECF No. 18, Exhibit
15  37). The state conceded on review that petitioner was entitled to have the felony murder
16  convictions vacated (ECF No. 18, Exhibit 37, page 1).The Washington State Supreme Court held
17  that under Washington State's law, RCW 10.73.090(1), the double jeopardy claim arising from
18  convictions for felony murder and aggravated murder was an exception to the state's normal one
19  year statute of limitations for filing collateral challenges (ECF No. 18, Exhibit 37). The court
20  determined that the remainder of petitioner's personal restraint petition was properly dismissed
21  as time barred (ECF No. 18, Exhibit 37, page 3 FN1).

22  Petitioner's federal habeas corpus petition raises the following grounds for relief:

23      1.    My Fifth and Fourteenth Amend. rights were violated by the Washington
    State Supreme Court. Due process, Equal protection.
24

REPORT AND RECOMMENDATION - 4

> The Washington State Supreme Court applied *U.S. v. Bell* to my recharacterized CrR 7.8 Motion in an arbitrary and capricious manor [sic].
>
> 2.  My Fifth and Fourteenth Amend. rights were violated by the Washington State Supreme Court. Due Process, Equal Protection.
>
> The Court held some of my convictions to be invalid on their face, then barred issues from consideration by authority of a criminal code that requires facial validity for said code to opperate [sic].
>
> 3.  My Fifth and Fourteenth Amend. rights were violated by the Washington State Supreme Court. Due process, Equal protection.
>
> By sanctioning the Superior Court[']s violation of the notice requirements as it pertains to motions filed by the prosecutor[']s office that prejudiced this petitioner[.] It limited the relief I received on remand and violated my due process requirements.

Petition (ECF No. 4), at 5-8.

## EVIDENTIARY HEARING NOT REQUIRED

Evidentiary hearings are not usually necessary in a habeas case. According to 28 U.S.C. §2254(e)(2) (1996), a hearing will only occur if a habeas applicant has failed to develop the factual basis for a claim in state court, and the applicant shows that: (A) the claim relies on (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable, or if there is (2) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. §2254(e)(2) (1996).

Petitioner's claims rely on established rules of constitutional law. Further, there are no factual issues that could not have been previously discovered by due diligence. Finally, the facts underlying petitioner's claims are insufficient to establish that no rational fact finder would have

REPORT AND RECOMMENDATION - 5

found him guilty of the crime. Therefore, this Court concludes that an evidentiary hearing is not necessary to decide this case.

## STANDARD OF REVIEW

Federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension. Engle v. Isaac, 456 U.S. 107 (1983). Section 2254 explicitly states that a federal court may entertain an application for writ of habeas corpus "only on the ground that [petitioner] is in custody in violation of the constitution or law or treaties of the United States." 28 U.S.C. § 2254(a) (1995). The Supreme Court has stated many times that federal habeas corpus relief does not lie for mere errors of state law. Estelle v. McGuire, 502 U.S. 62 (1991); Lewis v. Jeffers, 497 U.S. 764 (1990); Pulley v. Harris, 465 U.S. 37, 41 (1984);

A habeas corpus petition shall not be granted with respect to any claim adjudicated on the merits in the state courts unless the adjudication either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. §2254(d). Further, a determination of a factual issue by a state court shall be presumed correct, and petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

## DISCUSSION

1. Statute of limitations.

A. The federal statute of limitations.

Federal habeas corpus petitions are subject to a statue of limitations under the 1996 amendments to 28 U.S.C. § 2244(d), as part of the Antiterrorism and Effective Death Penalty

Act (AEDPA). 28 U.S.C. § 2244(d) provides as follows:

>   (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-
>       (A)  the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>       (B)  the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>       (C)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Pursuant to 28 U.S.C.A. § 2244(d)(1)(A), the limitation period begins on the date on which the state court judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. Here, that would have been 90 days after the Washington State Supreme Court denied review on direct appeal on January 5, 1988 (ECF No. 18, Exhibit 3). Because petitioner was convicted and his sentence became final before the passage of AEDPA in 1996, petitioner had until one year after the act became law to file his habeas corpus petition. There is a one-year grace period for convictions that became final before the AEDPA's enactment date. *See Carey v. Saffold*, 536 U.S. 214, 217 (2002); *Patterson v. Stewart*, 251 F.3d 1243, 1245 (9th Cir. 2001). Petitioner had until April 24, 1997 to file a federal habeas petition. *See Patterson*, 251 F.3d at 1246; *see also Bryant v. Arizona Atty. Gen.*, 499 F.3d 1056, 1059 (9th Cir. 2007).

Petitioner did not file his petition until July 18, 2012. Therefore, the petition is fifteen years time barred. The fact that the Washington State Supreme Court considered a claim under a state law exception to the state's statute of limitations is not relevant to the federal statute of limitations as it relates to the other convictions or petitioner's sentence. The Washington State

1 Supreme Court's action did not result in a new or different sentence or restart a new statute of
2 limitations on the remaining convictions. The original sentence remains in place. *See generally,*
3 *In re Lampton*, 667 F.3d 585 (5th Cir. 2012). The Fifth Circuit addressed the issue of correcting
4 a sentence for a double jeopardy violation and determined that a subsequent 28 U.S.C. § 2255
5 petition was second or successive. The Fifth Circuit's reasoning that correction of the double
6 jeopardy issue by dismissal of the merged claim did not create a new sentence is informative.

7 Petitioner has not argued that any exception to the federal statute of limitations applies to
8 him. Petitioner does not show that there was any impediment to filing a petition or that the
9 factual predicate to his claim was unavailable. *See*, 28 U.S.C. § 2244(d). Further, there is no
10 argument that petitioner is actually innocent of the murders.. Therefore, there has been no
11 "fundamental miscarriage of justice," which would allow petitioner to avoid the procedural bar
12 as set forth in *Schlup v. Delo,* 513 U.S. 298, 314-15 (1995) (*quoting McCleskey v. Zant*, 499 U.S.
13 467, 494 (1991)).

14 This Court concurs with the Washington State Supreme Court in holding that any other
15 ground for relief other that correction of the judgment to dismiss the merged murder convictions
16 is time barred (ECF No. 17, Exhibit 37). The Court recommends that this petition be dismissed
17 as time barred as to all other grounds for relief, except the merger arument The Court will
18 address the merits of the merger and dismissal of the felony murder charges.

19     2.     The merits.

20 The Court may consider the petition and deny it. *See*, 28 U.S.C. § 2254(b)(2). The
21 Washington State Supreme found that a double jeopardy violation in the judgment and sentence
22 was an exception to the state statute of limitations because multiple convictions for murder were
23 based on the same conduct (ECF No. 18, Exhibit 37). The Washington State Supreme Court
24

ordered the trial court to vacate petitioner's convictions for felony murder leaving the convictions for aggravated murder and the original sentence in place (ECF No. 18, Exhibit 37). This is exactly the remedy the United States Supreme Court has authorized for a double jeopardy violation of this nature. *Ball v. United States*, 470 U.S. 856, 864-65 (1985).

Therefore, the state ruling follows federal law as determined by the Supreme Court and is not "contrary to" "clearly established federal law" 28 U.S.C. .§2254(d) The Court recommends that the petition be denied on the merits.

## CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under 28 U.S.C. §2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A certificate of appealability may issue only if petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Pursuant to this standard, this Court concludes that petitioner is not entitled to a certificate of appealability with respect to this petition.

Pursuant to 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 63(b)(1)(C). Accommodating the time limit

1   imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on

2   December 28, 2012, as noted in the caption.

3        Dated this 4th day of December, 2012.

4

5

6                                       J. Richard Creatura

7                                       United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

REPORT AND RECOMMENDATION - 10